1  Morse Mehrban (Bar No. 169082)
2  Javier Ramirez (Bar No. 249516)
   LAW OFFICES OF MORSE MEHRBAN
3  609 S. Westmoreland Ave., 2nd Floor
   Los Angeles, CA 90005-3902
4  Telephone: 213-382-3821
5  Facsimile: 213-380-8703
   Email: mmehrban@hotmail.com
6
7  Attorney for Plaintiffs,
   David Gunther and Karl Rountree
8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GUNTHER AND KARL ROUNTREE, <br><br> Plaintiffs, <br><br> v. <br><br> SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF ORANGE, GREGORY H. LEWIS In His Official Capacity as Superior Court Judge of the State of California, LOUIS P. ETCHEVERRY In His Official Capacity as Superior Court Judge of the State of California, STATE OF CALIFORNIA, JUDICIAL COUNCIL OF CALIFORNIA, RONALD M. GEORGE In His Official Capacity as Chair of the Judicial Council of California, AND SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF KERN, <br><br> Defendants. | Case No. <br><br> COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990 AND 29 U.S.C. § 794 |

\\\

\\\

_____
1 – Complaint for Injunctive Relief

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 in that Plaintiffs allege violation of Americans with Disabilities Act of 1990 and 29 U.S.C. § 794.

## FIRST CLAIM BY GUNTHER AND ROUNTREE AGAINST ALL DEFENDANTS FOR VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990

2. The head of the judicial branch of the State of California ("California") is the Chief Justice of California, Ronald M. George ("George").

3. Superior Court of California for the County of Orange and Superior Court of California for the County of Kern are parts of the judicial branch of California.

4. Chaired by George, the Judicial Council of California is the governing body of the California courts.

5. Gregory H. Lewis ("Lewis") is an active judge of the Superior Court of California for the County of Orange and has been so at all times mentioned herein.

6. Louis P. Etcheverry ("Etcheverry") is an active judge of the Superior Court of California for the County of Kern and has been so at all times mentioned herein. At all times mentioned herein, Lewis and Etcheverry have been employed by California.

7. Karl Rountree ("Rountree") and David Gunther ("Gunther") are physically disabled and have been so at all times mentioned herein insofar as they cannot stand or walk. Therefore, they have been qualified individuals with disabilities.

8. Although California's judicial branch is charged with adjudication of the civil rights of disabled Californians, it is, instead, actively robbing them of and punishing them for exercising such rights.

2 – Complaint for Injunctive Relief

9. This action is brought to enjoin Defendants from further retaliation, coercion and intimidation directed at Plaintiffs for attempting to enforce their civil rights in its court system and to force them to adjudicate Plaintiffs' civil rights in accordance with the law.

10. Plaintiffs, disabled citizens of the County of Orange, California, encounter, on a regular basis, discriminatory conditions in public accommodations throughout California. When they attempt to enforce their civil rights by petitioning the California government for the redress of their grievances against those public accommodations, pursuant to the Americans with Disabilities Act of 1990 ("ADA") and California's Unruh Civil Rights Act and Disabled Persons Act, they and their attorneys are regularly punished by the judges before whom their lawsuits are pending. This conduct has taken many forms, some of which is itemized below.

11. "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." 42 U.S.C. § 12203(a).

12. "It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by [the ADA]." 42 U.S.C. § 12203(b).

13. "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; see 28 C.F.R. § 35.130(a).

3 – Complaint for Injunctive Relief

14. "A public entity, in providing any aid, benefit, or service, may not, directly or through contractual, licensing, or other arrangements, on the basis of disability -- (i) Deny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service; (ii) Afford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others; (iii) Provide a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others; (iv) Provide different or separate aids, benefits, or services to individuals with disabilities or to any class of individuals with disabilities than is provided to others unless such action is necessary to provide qualified individuals with disabilities with aids, benefits, or services that are as effective as those provided to others; (v) Aid or perpetuate discrimination against a qualified individual with a disability by providing significant assistance to an agency, organization, or person that discriminates on the basis of disability in providing any aid, benefit, or service to beneficiaries of the public entity's program . . . (vii) Otherwise limit a qualified individual with a disability in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service." 28 C.F.R. § 35.130(b)(1).

15. "A public entity may not, directly or through contractual or other arrangements, utilize criteria or methods of administration: (i) That have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability; That have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of

4 – Complaint for Injunctive Relief

the public entity's program with respect to individuals with disabilities . . . ." 28 C.F.R. § 35.130(b)(2).

16. "A public entity shall not exclude or otherwise deny equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." 28 C.F.R. § 35.130(g).

17. In enacting the ADA, Congress entered specific findings and purposes: "[I]ndividuals with disabilities . . . have been faced with restrictions and limitations, subjected to a history of purposeful unequal treatment . . . based on characteristics that are beyond the control of such individuals and resulting from stereotypic assumptions not truly indicative of the individual ability of such individuals to participate in, and contribute to, society." 42 U.S.C. § 12101(a)(7).

18. Further, Congress found persons with disabilities "continually encounter . . . [the] failure to make modifications to existing facilities" and that discrimination against individuals continued to exist in "access to public services." 42 U.S.C. § 12101(a)(3), (5). Moreover, "unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination." 42 U.S.C. § 12101(a)(4). The ADA's purposes are to provide a "national mandate for the elimination of discrimination against individuals with disabilities," to provide clear, strong, and consistent enforcement standards, to ensure a central role for the federal government in enforcing the ADA, and to use the regulation of commerce to protect persons with disabilities from discrimination. 42 U.S.C. § 12104(b).

5 – Complaint for Injunctive Relief

19. In 2005, Gunther had filed suit against United Communications Group, Inc. ("UCG") and Huy Dinh ("Dinh"), alleging violation of California's Unruh Civil Rights Act and the ADA. That lawsuit was filed in the Superior Court of California for the County of Orange. Specifically, Gunther alleged that UCG and Dinh had failed to provide him with a wheelchair-accessible sales and service counter. Gunther lost that action following a jury trial. Gunther dismissed his appeal from that judgment due to an intervening change in the law requiring him to prove intentional discrimination to prevail on his claim.

20. In 2007, UCG and Dinh filed a retaliatory lawsuit against Gunther to punish him for having exercised his constitutional right to petition the State of California for redress of his grievance against them. That currently-pending action is styled as one for malicious prosecution under the laws of California and is pending before Lewis.

21. Gunther moved Lewis to dismiss the lawsuit against him by filing a special motion to strike pursuant to California's anti-SLAPP (Strategic Lawsuit Against Public Participation) statute, designed to protect those who exercise their Constitutional right to petition or speech against baseless retaliatory lawsuits.

22. Since Gunther's prior action against them constituted petitioning activity, UCG and Dinh had to support the merits of their claim both legally and factually. Cal. Code Civ. Proc. § 425.16(b)(1); *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal.4th 1106, 1115 (1999). To sustain their malicious prosecution action against Gunther, UCG and Dinh had to prove that Gunther's former action lacked probable cause and was prosecuted with malice. *Long Beach v. Bozek*, 31 Cal.3d 527, 531 (1982).

6 – Complaint for Injunctive Relief

23. The fact that legal grounds existed on which to base an underlying lawsuit is a complete defense to a malicious prosecution action. *Paskle v. Williams*, 214 Cal. 482, 484 (1931). The existence of probable cause is determined by an objective test: "a suspicion founded upon circumstances warranting a reasonable man's belief" that grounds exist for initiating proceedings. *Bertero v. National General Corp.*, 13 Cal.3d 43, 55 (1974). A claimant in possession of evidence that, if believed, would justify a favorable verdict has the right to bring the claim, even where it is very doubtful that the claim will ultimately prevail. *Wilson v. Parker, Covert & Chidester*, 28 Cal.4th 811, 822 (2002). Proof of a defendant's reliance on the advice of counsel in prosecuting the underlying lawsuit establishes probable cause conclusively. *Palmer v. Zaklama*, 109 Cal.App.4th 1367, 1383 (2003).

24. "To complete proof of malicious prosecution, the presence of malice must be found as a matter of fact." *Jarrow Formulas v. LaMarche*, 31 Cal.4th 728, 743 (2003).

25. None of the relevant facts or laws before Lewis were in dispute. Uncontroverted expert and lay testimony, transcript of the trial in Gunther's former action, as well as extensive statutory, regulatory and case authority showed that the sales and service counter at which Gunther was served in 2005 contravened both California and federal disability rights laws, Gunther was never offered service at a wheelchair-accessible counter, no signage directed Gunther to any wheelchair-accessible counter at which he could consummate his transaction, and a work table in the corner did not suffice to comply with the applicable laws and regulations, especially since the counter in question had been constructed long after the ADA's enactment. 42 U.S.C. §§ 12101, 12182-12183; 28 C.F.R. § 36.406; Cal. Code Regs.,

7 – Complaint for Injunctive Relief

tit. 24, §§ 1110B.1.2, 1110B.1.3; ADA Accessibility Guidelines for Buildings and Facilities, §§ 7.2(1), 7.3(2).

26. Uncontroverted evidence also showed that Gunther had relied on expert legal advice in prosecuting the underlying action through trial and on counsel's representation that his case had merit. Furthermore, Gunther's counsel testified that he had thoroughly researched the legal merits of the former action and had been convinced of the action's objective legal and factual merit, relying on legal authorities as well as the testimony of the only two percipient witnesses in the case. Therefore, Gunther's prior lawsuit against UCG and Dinh had probable cause and could not have been prosecuted with malice under any stretch of the imagination.

27. In response, UCG and Dinh argued that Gunther had filed too many disability rights lawsuits and has to be stopped. Lewis agreed with UCG and Dinh.

28. Lewis refused to dismiss Gunther's motion as a result of his bias and prejudice against Gunther because Gunther is physically disabled and had filed many other lawsuits alleging violation of the ADA and Unruh Civil Right Act in the Superior Court of California. Lewis' intent was to force Gunther to stop petitioning the government for redress of his grievances for violation of his civil rights as a disabled California resident. This ruling was in derogation of the evidence and law and constituted retaliatory punishment against Gunther for being disabled and having exercised his Constitutional and statutory right to petition the government for redress of his grievances.

29. The foregoing malicious prosecution action, Dinh et al. v. Gunther et al., Case No. 07CC04823, is currently pending before Lewis in the Superior Court of California for the County of Orange and Lewis intends to enter a retaliatory judgment against Gunther because

8 – Complaint for Injunctive Relief

he is disabled and has filed prior lawsuits against public accomodations alleging violation of his rights under California and federal disability laws, including the ADA and Unruh Civil Rights Act. It does not matter to Lewis that Gunther's former lawsuit was not prosecuted maliciously or without probable cause.

30. In 2006, Rountree had filed a lawsuit in the Superior Court of California for the County of Kern against Chase, Inc. ("Chase") alleging violation of the ADA and California's Unruh Civil Rights Act. Specifically, Rountree alleged that he could not use Chase's bathroom mirror and sink because they were not wheelchair-accessible. Later, Rountree had to voluntarily dismiss the case because he fell seriously ill and could not commute to court-related hearings that were hours away from his residence.

31. In 2007, Chase, a suspended California corporation with no standing to sue under California law, filed a retaliatory lawsuit against Rountree to punish him for having exercised his Constitutional and statutory rights to petition the California government for the redress of his grievance against it. The lawsuit is pending before Etcheverry and is styled as one for malicious prosecution under California law.

32. Rountree moved Etcheverry to dismiss the lawsuit pursuant to Cal. Code of Civil Procedure § 425.16. Since Rountree's lawsuit constituted petitioning activity, Chase had to prove the factual and legal merits of its lawsuit. None of the relevant facts were in dispute. Uncontroverted expert and lay testimony showed that the distance between the floor and the bathroom mirror was excessive for those in wheelchairs and none of the pipes beneath the sink were wrapped to protect Rountree from scalding, and, as a result, Rountree had been unable to use the mirror and sink (Rountree had scalded himself on unwrapped pipes before).

9 – Complaint for Injunctive Relief

See 28 C.F.R. § 36.304(b); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724 (9th Cir. 2007). Chase admitted that it had been in violation of the relevant ADA and Unruh Civil Rights Act provisions and corrected them once it was sued. Uncontroverted evidence also showed that Rountree's voluntary dismissal of his former action resulted from his medical condition and did not reflect on its merits. Without such a "favorable termination," a malicious prosecution lawsuit cannot proceed. *Lackner v. LaCroix*, 25 Cal.3d 747 (1979). Uncontroverted testimony also showed that Rountree had relied on expert legal advice that his former lawsuit had merit during its prosecution.

33. Chase's only argument was that Rountree had filed other lawsuits in California courts alleging violation of his civil rights under the ADA and California disability rights statutes and had to be stopped from filing any more. Etcheverry agreed with Chase.

34. Etcheverry denied Rountree's motion as a result of his bias and prejudice against Rountree because Rountree is physically disabled and had filed many other lawsuits alleging violation of the ADA and Unruh Civil Right Act in the Superior Court of California. Etcheverry's intent was to force Rountree to stop petitioning the government for redress of his grievances for violation of his civil rights as a disabled California resident. This ruling was in derogation of the evidence and law and constituted retaliatory punishment against Rountree for being disabled and having exercised his Constitutional and statutory right to petition the government for redress of his grievances.

35. The foregoing malicious prosecution action, Chase, Inc. v. Rountree et al., Case No. S-1500-CV-260426-LPE, is currently pending before Etcheverry in the Superior Court of California for the County of Kern and Etcheverry intends to enter a retaliatory judgment against

10 – Complaint for Injunctive Relief

Rountree because he is disabled and has filed prior lawsuits against public accomodations alleging violation of his rights under California and federal disability laws, including the ADA and Unruh Civil Rights Act. It does not matter to Etcheverry that Rountree's former lawsuit was not prosecuted maliciously or without probable cause.

36. Unless Defendants are enjoined by this Court, they will continue to engage in their illegal conduct.

37. This type of discriminatory conduct is nothing new. Defendants regularly violate Plaintiffs' and other disabled citizens' civil rights when they try to challenge discrimination against them at public accomodations by filing lawsuits against those public accomodations. Indeed, by their actions, Defendants have virtually nullified the enactments of all California and federal disability rights statutes. Defendants have grown progressively bolder in persecuting Plaintiffs since they started enforcing their civil rights a few years ago.

38. In 2006, after intentionally giving the jury patently erroneous instructions on the ADA to make sure Gunther does not prevail at trial, the judge presiding in Gunther's former lawsuit against UCG and Dinh (Dennis S. Choate) gave an unsolicited offer to their counsel to testify before the California Legislature to change California's disability rights laws to discourage future lawsuits by Gunther and other disabled Californians; this offer came outside of the presence of Gunther and his counsel.

39. In 2006, a judge of the Superior Court of California (Margaret R. Anderson) told Gunther's counsel that she regularly dismisses Unruh Civil Rights Act and ADA cases by disabled Californians without regard to their merits because "the law is an ass", and that Gunther

11 – Complaint for Injunctive Relief

should dismiss his civil rights case because "there is no way in hell he would win such a case in Orange County" regardless of what the disability rights statutes say.

40. In 2006, in a civil rights case by Rountree pending in the Superior Court of California, a judge (Charles Margines) told Rountree's counsel that he must be able to draft ADA-related lawsuits "standing on [his] head" in a derogatory reference to his field of legal specialization.

41. During the past four years, other judges of the Superior Court of California have called Gunther, Rountree and other disabled civil rights plaintiffs "extortionists" simply because they accepted the Legislature's invitation to challenge discriminatory conditions at public accomodations in California courts regardless of the merits of their cases.

42. Judges of the Superior Court of California regularly apply a reverse fee multiplier in awarding successful disabled plaintiffs' attorney fees and costs because their civil rights are not important enough to merit a lodestar multiplier of even 1. See *Press v. Lucky Stores, Inc.*, 34 Cal.3d 311 (1983) for California's law on the lodestar method of calculating attorney fees.

43. Judges of the Superior Court of California, such as Reginald A. Dunn, Gregg Marcus and Tam Nomoto Schumann, have simply dismissed civil rights cases by David Gunther and Karl Rountree without notice or reason because they find them to be nuisance lawsuits not worthy of space on their dockets.

44. A judicial officer in Rountree's former case against Chase, Inc. ordered him to pay thousands of dollars to Chase, Inc. for violating a non-existing statute, Cal. Code of Civil Procedure § 128.6.

12 – Complaint for Injunctive Relief

45. In 2007, on several occasions, a judge of the Superior Court of California (John M. Watson) presiding over other civil rights actions by Gunther chastised Gunther's counsel for specializing in ADA-related litigation and Gunther for filing too many civil rights lawsuits.

46. During the past four years, judges of the Superior Court of California have repeatedly entered judgments against disabled plaintiffs in clear contravention of the federal and California disability laws simply because these plaintiffs were disabled and had filed other lawsuits in California courts alleging violation of their civil rights by public accomodations.

47. Finally, Defendants' courts regularly discard Plaintiffs' legal pleadings, claiming they never received them or they have been lost. On one occasion, Gunther's counsel had to threaten the clerk of Department N18 of the Superior Court of California for the County of Orange with resorting to the Federal Bureau of Investigations, at which time, the trial documents she claimed she had never received for filing magically reappeared in her possession.

48. The result of such illegal conduct has been that Plaintiffs and other disabled California citizens have been intimidated to the point that they have stopped petitioning their government altogether for fear of harassment and retaliation. Indeed, this is Defendants' intention. Defendants intend that Plaintiffs suffer significant emotional distress and financial hardship in bearing unlawful monetary sanctions and incurring hundreds of thousands of dollars in unnecessary legal fees and costs. This is calculated to discourage Plaintiffs' future disability discrimination lawsuits in California courts.

49. The foregoing conduct constitutes a violation of Plaintiffs' civil rights under the ADA and the Fourteenth and First Amendments to the United States Constitution.

13 – Complaint for Injunctive Relief

50. Plaintiffs intend to continue petitioning their government for the redress of their grievances against public accomodations that violate their civil rights but are being prevented from doing so by Defendants.

51. Unless Defendants are enjoined, they will continue to violate Plaintiffs' civil rights by continuing their illegal conduct. There is no reason to believe Defendants will stop this pattern and practice of illegal behavior without this Court's involvement because their conduct has been persistent and repetitive since Plaintiffs decided to exercise their Constitutional and statutory rights to challenge discrimination against them by public accomodations.

## SECOND CLAIM BY ROUNTREE AND GUNTHER AGAINST ALL DEFENDANTS FOR VIOLATION OF 29 U.S.C. § 794

52. Plaintiffs incorporate herein by reference each of the foregoing paragraphs as if set forth fully herein.

53. At all times mentioned herein, Defendants have been recipients of financial assistance from the United States government.

54. "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794.

55. Defendants are programs and activities as defined by said section.

\\\

\\\

14 – Complaint for Injunctive Relief

## PRAYER

Plaintiffs pray for temporary, preliminary, and permanent injunctive relief enjoining Defendants from violating Plaintiffs' rights under the ADA and 29 U.S.C. § 794, attorney fees, costs and other relief as the Court may deem proper.

Dated: 7/19/2007

LAW OFFICES OF MORSE MEHRBAN

By: _____
Morse Mehrban
Attorney for Plaintiffs,
David Gunther and Karl Rountree

15 – Complaint for Injunctive Relief