IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID GUNTHER and KARL ROUNTREE, | ) ) ) | Case No. 1:07-cv-01044 JKS |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER DISMISSING COMPLAINT WITH RIGHT TO AMEND |
| SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF ORANGE, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

      David Gunther and Karl Rountree sue various judges, judicial administrators in their official capacity, and certain judicial districts alleging violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182(a), and particularly 42 U.S.C.§ 12203 (precluding retaliation against those who assert ADA claims) and 42 U.S.C. § 12188 (enforcement and remedies). The action is in equity and seeks injunctive relief. Each of the Defendants is sued in his official capacity, only, so that in effect the action is against the State of California. Congress has abrogated Eleventh Amendment immunity for states sued under the ADA. *See* 42 U.S.C. § 12202; *Tennessee v. Lane*, 541 U.S. 509 (2004).

      Defendants have filed a motion to dismiss with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) (the court lacks subject matter jurisdiction); 12(b)(6) (the complaint fails to state a claim); and 12(h)(3) (the court lacks subject matter jurisdiction). Docket No. 20.

Plaintiffs have responded. Docket No. 21.  And Defendants have replied. Docket No. 23.  The matter is ripe for decision.  The Court has carefully reviewed the record and has concluded that oral argument would not be helpful.  Therefore, the hearing scheduled for **September 24, 2007,** is **VACATED.**

It appears that the material "facts" are not in dispute.  Gunther and Rountree are disabled individuals entitled to the benefits of the ADA.  One of the benefits of the ADA is the right to bring private enforcement actions.  Gunther and Rountree, aided by counsel, have brought many such actions, sometimes successful and sometimes unsuccessful, and where successful have recovered attorney fees and damages.[1]  As frequent litigators they have come to the attention of some judges within the California Judicial System.  More significantly, they have been sued in California State Court for litigation related torts—malicious civil prosecution, slander, abuse of civil process—by some of those they have themselves sued.  The state of California has adopted legislation to protect those who bring civil rights and related lawsuits against retaliatory lawsuits.  CAL. CIV. PROC. CODE § 425.16 (Strategic Lawsuit Against Public Participation or anti-SLAPP).  Gunther and Rountree argue that each of them is a defendant in what they term a SLAPP lawsuit.  The action against Gunther is assigned to Judge Gregory H. Lewis, and the action against Rountree is assigned to Judge Louis P. Etcheverry.  Gunther and Rountree seem to believe that they cannot get a fair hearing on their CAL. CIV. PROC. CODE § 425.16 defense to the pending lawsuits.  And therefore appear to wish this Court to intervene and grant some kind of mandatory

---

[1] Plaintiffs contend that some Superior Court judges have dismissed their complaints without considering the merits just because they and their customary lawyer brings the suit.  They also contend that some judges have refused to award them attorney fees to which they are entitled by statute and have wrongfully assessed costs against them.  They do not mention how appellate courts deal with such dismissals and such awards or denial of costs.

injunction[2] bypassing the appellate process and directing Judges Lewis and Etcheverry to enter judgment in favor of Gunther and Rountree on the apparent theory that the mere bringing of the lawsuits violates the ADA, and that by failing to immediately dismiss those lawsuits the Judges have independently violated the ADA.[3]

Gunther and Rountree seem to believe that there is a conspiracy against them by judicial personnel, because aided by their attorneys they have brought numerous law suits to privately enforce the ADA.   They seem to believe that judicial personnel in general are skeptical of private enforcement lawsuits particularly where it appears that the plaintiffs and their attorneys are engaging in the business of bringing lawsuits for profit.  It appears, however, that the incidents mentioned in the complaint are isolated and provide an insufficient basis for inferring some kind of global conspiracy within the California State Judicial System against ADA private enforcers and their attorneys.[4]

---

[2] Injunctions may be negative or preventative, restraining some specific action, or they may be positive or mandatory, directing a party to perform some action.  Sometimes the line between the two is thin.  Here, however, Plaintiffs seem to be pursuing some form of mandatory injunction or injunctions, but it is not clear precisely what they wish this Court to compel.

[3] A reading of the complaint suggests that Plaintiffs believe that the various provisions of the ADA and related statutes seeking to prevent retaliation in the workplace against beneficiaries of the ADA who seek to privately enforce its terms somehow creates a federal anti-SLAPP statute that preempts state jurisdiction over actions against people who qualify as beneficiaries of the ADA.  It also appears that Plaintiffs believe that the ADA creates a public interest litigant defense to an award of costs, and where available attorney fees where ADA beneficiaries bring private enforcement actions in state court and lose, and that this defense is available in federal court.  The Court expresses no opinion regarding whether its subject matter jurisdiction extends this far.

[4] The very existence of the anti-SLAPP legislation and its liberal interpretation by the California Supreme Court counsel against finding any wide-spread conspiracy against public interest litigants in California.  Researching of CAL. CIV. PROC. CODE § 425.16 discloses no hesitancy of California courts to enforce its provisions.

DISCUSSION

Federal Rule of Civil Procedure 8 provides in part that a pleading must set out a short plain statement of the grounds upon which the court's jurisdiction rests, a short plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Rule 12(e) authorizes the court to order a more definite statement where, as here, the Complaint is so vague and ambiguous that an opponent cannot file a responsive pleading. This Court recognizes that the United States Supreme Court has counseled against expanding pleading requirements by judicial interpretation. Actions for injunction provide special problems, however, because they present the possibility and even probability that judicial action of some kind will be required before the case is ready for trial. Plaintiffs seek a preliminary injunction in their pleadings. It is difficult to see precisely what Plaintiffs wish this Court to do. It is clear that Plaintiffs are unhappy with the reception their private enforcement actions have received in some courts and from some judges, but it is not at all clear how this Court could provide a remedy even if it found jurisdiction to provide a remedy. Thus for the reasons that follow, the Court concludes that Plaintiffs have not satisfied the requirements of Rule 8, and as a result their complaint does not state a cause of action. Rule 12(b)(6). Since the Court is not convinced at this early stage in the litigation that Plaintiffs could not state a claim that would not lead to this Court's abstention, though the issue is close, it will permit Plaintiffs an opportunity to amend.

Assuming without deciding that this Court has subject matter jurisdiction of this lawsuit and personal jurisdiction over the parties, in order to invoke its equitable jurisdiction, Plaintiffs must plead and prove that 1) the wrong he alleges is one addressable in equity; 2) that he will

suffer irreparable harm unless equity intervenes; 3) that there is no adequate remedy at law;[5] and that 4) the wrong can be redressed by an injunction.[6]  Assuming without deciding that the first three elements are present, the request for relief states simply, "Plaintiffs pray for temporary, preliminary, and permanent injunctive relief enjoining Defendants from violating Plaintiffs' rights under the ADA and 29 U.S.C. § 794, attorney fees, costs and other relief as the Court may deem proper."

In order to grant an injunction, the Court must comply with Federal Rule of Civil Procedure 65(d) which provides in relevant part:

> Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not be reference to the complaint or other document, the act or acts sought to be restrained. . . .

Since the Court cannot simply direct the officers and employees of the California State courts to comply with Federal Law, a command probably contained in their respective oaths of office, Plaintiffs must have some more specific relief in mind.  *See O'Shea v. Littleton*, 414 U.S.

---

[5] In *Continental Airlines, Inc. v. Intra Brokers, Inc.*, 24 F.3d 1099, 1104-5 (9th Cir. 1994), the Ninth Circuit suggested that irreparable injury was just another way of showing an inadequate remedy at law.  In this case a number of adequate remedies at law come to mind.  If Plaintiffs are faced with biased judges, they can seek recusal under state procedures.  CAL. CIV. PROC. CODE § 170.1, *et seq.*  If their actions are improperly dismissed, they can appeal.  There is nothing in the complaint suggesting that California appellate courts have been insensitive to ADA and related state law claims.

[6] While Congress may, if it wishes, bypass traditional equitable jurisdiction and direct courts to grant injunctions in certain cases where a violation of federal law is found, such directions are rare.  Typically the court applies the same standards in determining whether to grant an injunction in federal question cases as it does in other civil litigation.  *See*, e.g., *Owner-Operator Independent Drivers Association, Inc. v. Swift Transportation Co., Inc.*, 367 F.3d 1108 (9th Cir. 2004).  The Court is unaware of any decision of the Ninth Circuit or the United States Supreme Court that would suggest that cases seeking an injunction to remedy alleged violations of the ADA should be treated differently than other injunction cases.

488 (1974) (Federal courts should avoid injunctions that constitute a major continuing intrusion into daily conduct of state court proceedings).⁷  In order to intelligently address the Defendants' motions seeking abstention, the Court will dismiss the Complaint without prejudice and direct Plaintiffs, if they wish to proceed with this litigation, to file an amended complaint addressing the deficiencies noted in this Order.  Specifically, 1) Plaintiffs shall set out a short plain statement of the grounds upon which the Court's jurisdiction rests, identifying those sections of the ADA which provide a private cause of action for this kind of claim; 2) Plaintiffs shall allocate a separate count containing one or more paragraphs to each named Defendant.  In the count, Plaintiffs shall as to each Defendant set out a short plain statement of the claim showing how that Defendant has violated the ADA, if as to a Defendant, Plaintiffs are relying on supervisory liability, Plaintiffs shall briefly set out the facts which establish supervisory liability, either that the supervisor directed a named subordinate to violate the Plaintiffs' rights or identifying subordinates who the supervisor knows or should know violated Plaintiffs' rights under the ADA and failed to take remedial action.   And finally, Plaintiffs shall set out a brief plain statement of the relief they wish as to each Defendant with sufficient particularity that the Court could, if it granted Plaintiffs' relief, comply with Federal Rule of Civil Procedure 65(d); 3)

---

⁷ In their Complaint, Plaintiffs complain about the actions of named not party trial judges.  Their complaints fall into two general categories:  1) rulings on motions; and 2) derogatory comments about people the judges perceive to be professional litigators.  They mention the two pending cases before respectively Judges Lewis and Etcheverry, but appear to be using those cases as examples of actions calling for more general relief rather than as the target for some specific relief.

to the extent that Plaintiffs are relying upon 29 U.S.C. § 794, Plaintiffs shall in a separate count or counts identify what services were denied, when, and by whom.[8]

**IT IS THEREFORE ORDERED:**

The Complaint at Docket No. 1 is DISMISSED with leave to amend. Any amended complaint must be filed on or before November 23, 2007, or this dismissal will become a dismissal with prejudice. Any amended complaint shall comply with this Order.[9]

Dated this 21st day of September 2007.

    /s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
U. S. DISTRICT JUDGE

---

[8] To the extent that Plaintiffs claim that the courts of the state of California have adopted a policy, express or implied, to discriminate against those seeking to privately enforce the ADA, they should identify the policy and identify who, when, and where the policy was put into operation. *See*, e.g., *Thompson v. Davis*, 295 F.3d 890 (9th Cir. 2002); *Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001)

[9] Courts sometimes distinguish between dismissing actions with or without prejudice and dismissing a complaint with leave to amend while retaining jurisdiction. In this Order the Court dismisses the Complaint but retains jurisdiction with the proviso that the dismissal will mature into a dismissal of the action with prejudice if a timely amended complaint is not filed.